974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathaniel E. USHER, Petitioner-Appellant,
v.
Daniel VASQUEZ, Warden, Respondent-Appellee.
 No. 91-16603.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 11, 1992.
As Amended on Denial of Rehearing
Oct. 9, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Overview
 
 2
 Nathaniel Usher appeals the district court's dismissal of his habeas corpus petition. Usher claims that he did not receive constitutionally adequate notice in state court that he would be tried for first degree murder on a felony murder theory.
 
 
 3
 This court has jurisdiction pursuant to 28 U.S.C. section 2253, and we affirm the dismissal.
 
 Background
 
 4
 Usher was convicted of first degree murder in California state court. This petition is the last in a series of petitions filed over the last seven years. Previous petitions were denied either on the merits or because Usher failed to exhaust his state court remedies. This case stems from the district court's September 1991 denial of Usher's petition claiming he was denied his right to due process by receiving inadequate notice that he would be tried for felony murder.
 
 Discussion
 
 5
 This court reviews de novo a district court's denial of a petition for a writ of habeas corpus. The factual findings are reviewed for clear error. Harris v. Vasquez, 943 F.2d 930, 944 (9th Cir.1990).
 
 
 6
 We hold that the district court did not err in finding that Usher received constitutionally sufficient notice that he would be tried on a felony murder theory. Usher claims that the charging information did not provide him with notice of the felony murder theory, and thus his Sixth Amendment rights as applied to the states through the Due Process Clause of the Fourteenth Amendment were violated. The prosecutor charged Usher with murder, using a firearm in the commission of a murder, robbery (a felony), and possession of a firearm by a convicted felon. Before trial, Usher made a motion to dismiss the robbery count. The motion was not opposed by the prosecutor, and it was granted by the court. However, under California law, Usher still could be convicted of felony murder with robbery as the requisite felony. See People v. Uhlemann, 108 Cal.Rptr. 657, 659 (1973) (an "order dismissing a felony complaint is not a bar to another prosecution for the same offense"); People v. Van Eyk, 15 Cal.Rptr. 150, 153-54 (1961), cert. denied, 369 U.S. 824 (1962) (same).
 
 
 7
 Under the Sixth Amendment, Usher was entitled to "be informed of the nature and cause of the accusation...." A defendant is guaranteed the right to know the charges against him so that he may have a reasonable opportunity to prepare and present a defense and to avoid surprise at trial. In re Oliver, 333 U.S. 257, 273 (1948). The starting point in the analysis of Usher's claim is the information filed against him and whether the introduction of the felony murder theory changes the offense charged. See Lincoln v. Sunn, 807 F.2d 805, 812-13 (9th Cir.1987). Usher claims that he did not receive notice of the felony murder theory because he was charged with first degree murder under California Penal Code section 187[1], but the information did not mention section 189[2] which defines the various types of first degree murder. It's true that the information does not specifically mention felony murder, but felony murder simply is one type of first degree murder. Thus, it did not substantially change his charged offense.
 
 
 8
 Usher cites Sheppard v. Rees, 909 F.2d 1234 (9th Cir.1989) to support his claim that he did not receive adequate notice of the felony murder charge. That case was similar to Usher's, except that in Sheppard's case "[a]t no time during pretrial proceedings, opening statements, or the taking of testimony was the concept of felony-murder raised, directly or indirectly." Sheppard, 909 F.2d at 1235. The Sheppard prosecution did not ask for a felony murder charge until a day after the parties had requested and argued their proposed instructions. Although the Sheppard court determined that the defendant had not received adequate notice from the information, the court did note that another defendant in different circumstances might receive adequate notice from things other than the information.
 
 
 9
 This case does not involve a claim that adequate notice was provided by a source other than the primary charging document. An accused could be adequately notified of the nature and cause of the accusation by other means--for example, a complaint, an arrest warrant, or a bill of particulars. Similarly, it is possible that an accused could become apprised of the particular charges during the course of a preliminary hearing. Any or all of these sources--or perhaps others--might provide notice sufficient to meet the requirements of due process, although precise formal notice is certainly the most reliable way to comply with the Sixth Amendment. The Constitution itself speaks not of form, but of substance.
 
 
 10
 Id. at 1236 n. 2 (citation omitted).
 
 
 11
 The district court in this case was correct in concluding that Usher was adequately apprised of the felony murder theory and had the opportunity to prepare an effective defense. The information in this case does not meet the Sheppard standard, as it was very similar to the one that the Sheppard court deemed inadequate. But other factors provided Usher with adequate notice.
 
 
 12
 During voir dire, the court explained felony murder to the jurors. The prosecutor questioned prospective jurors on felony murder. And, the prosecutor told the jury in his opening statement that he intended to prove that Usher planned the murder in order to commit the robbery. The trial court instructed the jury on the elements of premeditated murder and felony murder by means of robbery, explaining that both are first degree murder. He also told the jury that all jurors need not agree on which basis they find Usher guilty of first degree murder so long as each is convinced beyond a reasonable doubt that Usher is guilty of at least one.[3]
 
 
 13
 Clearly, Usher could not have been surprised when the prosecutor sought a felony murder instruction. He had been hearing about felony murder since voir dire. Furthermore, defense counsel agreed to a jury instruction on felony murder. Surely, if he believed Usher had not received notice adequate to enable the preparation of a defense to felony murder, he would not have agreed to the instruction.
 
 
 14
 We find that Usher received constitutionally adequate notice of the charge of felony murder. He found out about the fact that the prosecution was proceeding on a felony murder theory before the trial began. He also agreed to a jury instruction regarding the theory.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 187 defines murder as "the unlawful killing of a human being, or a fetus, with malice aforethought."
 
 
 [2]
 Section 189 is titled "Degrees of Murder" and provides that "[a]ll murder which is perpetrated by means of a destructive device or explosive, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 286, 288, 288a, or 289, is murder of the first degree...."
 
 
 [3]
 We need not address the appropriateness of this instruction since the Supreme Court recently settled the issue in Schad v. Arizona, 111 S.Ct. 2491 (1991). In Schad, the Court said that a state court may determine that "certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime...." Schad, 111 S.Ct. at 2499 (plurality opinion). The court said that Arizona's equation of the mental state for premeditated murder with the mental state for felony murder was reasonable. Thus, a separate verdict specifying felony murder was unnecessary. Because California has decided that a jury may convict someone of first degree murder based on the alternative grounds, People v. Guerra, 220 Cal.Rptr. 374, 379 (1985), and Schad permits this under federal law, Usher has no valid claim challenging this instruction